IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHADALE WILLIAMS,

     Plaintiff,                      No. CIV S-09-0822 MCE GGH P

     vs.

N. GRANNIS, et al.,

     Defendants.           FINDINGS AND RECOMMENDATIONS

                            /

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' November 9, 2009, motion to dismiss, to which plaintiff filed an opposition on November 30, 2009, after which defendants filed a reply on December 7, 2009.

Complaint

        Plaintiff names as defendants Chief of Inmate Appeals, N. Grannis; Mule Creek State Prison (MCSP) Chief Disciplinary Hearing Officer D. B. Long; and MCSP Disciplinary Hearing Officer D. Chambers. Complaint, p. 4. Plaintiff alleges that he is not challenging the 60-day credit loss that he was assessed on being found guilty at his August 28, 2008, prison disciplinary hearing. Id., at 2. Rather, plaintiff states at one point that he challenges the

disciplinary procedures that placed him in administrative segregation while his disciplinary hearing was pending which he alleges violated his due process rights. Id. Elsewhere, however, he focuses on a challenge to the procedures at the hearing, arguing that they violated due process. See below. Also, plaintiff has made a claim of retaliation as set forth in the following.

Plaintiff states that he arrived at MCSP on June 24, 2008, and thereafter on July 15, 2008, he challenged the adequacy of the Facility A law library. Complaint, p. 5. He was "sternly threatened," on July 16, 2008, by the law librarian, named Reece, not a defendant, about pursuing any effort to improve library services at MCSP. Id. at 6. Plaintiff was warned: "[n]o one has successfully challenged the law library and remained at Mule Creek Prison to see the results." Id. He was further informed on the same day by an inmate law library worker named Al Kembro that every previous inmate who had "challenged the law library" was shortly thereafter "'falsely charged—thrown in the hole (Ad Seg)— and transferred.'" Id.

On August 5, 2008, plaintiff was removed from his education assignment and interviewed by Sergeant R. J. Bueno, not a defendant, who directed plaintiff to drop his administrative grievance regarding the library, which plaintiff refused to do. Complaint, p. 7. Thereafter, Bueno informed plaintiff that Reece, the law librarian, believed plaintiff to be a threat to her and that she had seen plaintiff masturbating as he looked at her on the previous Saturday. Id. Plaintiff told Bueno that he had been with another inmate in the library that day, August 2, 2008, and had only stayed fifteen minutes, enough time to get copies. Id. Plaintiff was placed in Ad Seg[1] on August 5, 2008, on an unspecified charge with no date, time or place provided for the alleged over-familiar behavior. Id. at 8.

On August 7, 2008, Sgt. Bueno authored a chrono based on an anonymous note that plaintiff gets "sexually aroused when [he] gets in verbal confrontations with Ms. Reece." Complaint, p. 8. On August 19, 2008, plaintiff requested that Shirley, apparently his assigned

---

[1] Administrative segregation.

investigative employee, interview the library workers who had worked on Saturday, August 2, 2008, and take their statements; interview and take a statement from the assigned female correctional officer who escorted and maintained order among the inmates going to and from the law library that day; copy the inmate law library log for that day; provide a statement from plaintiff's education instructor, Mr. Sand (not a party). Id., at 9. Shirley later told plaintiff that defendant Lieutenant Chambers told her that any request involving the law library or education department had to be denied, saying only that she could take plaintiff's statement. Id., at 10.

However, at the August 27, 2008 hearing, defendant Chambers refused to incorporate plaintiff's statement as part of his defense; refused to permit plaintiff to question the confidential source by "phone.com"/intercom; denied plaintiff's request for an inmate witness, Aaron Bjorkstrand, who had worked in the library and had relevant information. Complaint, pp. 10-11. Plaintiff was found guilty by defendant Chambers based on a hearsay anonymous note, which was not an accusation by Reece.[2] Id., at 11. When plaintiff told defendant Chambers he had violated his due process rights, that defendant stated: "[w]e just want you out of the administration." Id. Defendant Long, on August 28, 2008, reviewed plaintiff's rules violation report and defendant Chambers' disposition, as well as plaintiff's specific concerns detailing how he had been deprived of due process but failed to correct or instruct Chambers to rectify his findings and disposition. Id., at 12-13. Defendant Grannis, on September 10, 2008, was provided with information concerning plaintiff's having been issued a rules violation report (RVR) in retaliation for his use of the grievance procedure and of all the due process violations to which he had been subjected by the RVR and at the disciplinary hearing resulting in a finding of guilt based on insufficient evidence, but failed to correct either defendants Long or Chambers. Id. at 13-15.

\\\\\

---

[2] Of course, if the note was anonymous, plaintiff could not know who authored the note.

As relief, plaintiff seeks only injunctive relief from the court: to have the findings of the disciplinary hearing invalidated as violative of his Fourteenth Amendment due process rights; to hold an in camera hearing to determine the sufficiency of the confidential information evidence; and to be placed back into general population pending any investigation. Complaint, p. 5.

Jurisdiction

Before considering defendants' motion to dismiss, the court finds that there is a threshold jurisdictional issue that must be addressed sua sponte. Plaintiff appears to bring this § 1983 action claiming that he does not challenge the credit loss but nevertheless seeking to invalidate the disciplinary findings on due process grounds in an effort to circumvent the state court exhaustion requirements for a federal habeas petition pursuant to 28 U.S.C. § 2254, the result of which would be to engage this heavily burdened court in what is a fruitless academic exercise. See 28 U.S.C. § 2254(b)(1); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). The court finds that plaintiff's claims seeking injunctive/declaratory relief are moot. There is no "presumption of collateral consequences to prison disciplinary proceedings." Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003). Thus, a declaration of due process violations is meaningless. Moreover, there is no needed injunctive relief. Plaintiff does not challenge the loss of behavioral time credits, nor does he seek money damages for any prison condition. Therefore, in essence, there is nothing for this court to adjudicate. Although the court finds that this action should be dismissed on grounds of mootness, the undersigned alternatively finds merit in defendants' motion to dismiss.

Motion to Dismiss

Defendants move for dismissal, pursuant to non-enumerated Fed. R. Civ. P. 12(b), contending that plaintiff has failed to exhaust his administrative remedies before proceeding in this action pursuant to 42 U.S.C. § 1983, and, as to defendants Long and Grannis

4

for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

*Legal Standard under Non-Enumerated Fed. R. Civ. P. 12(b)*

In a motion to dismiss for failure to exhaust administrative remedies under non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of raising and proving exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The parties may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a record. Wyatt v. Terhune, 315 F.3d at 1120 n.14. Plaintiff was provided with the requisite fair notice by order filed on August 20, 2009.

Should defendants submit declarations and/or other documentation demonstrating an absence of exhaustion, making a prima facie showing, plaintiff must refute that showing. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. If the court determines that plaintiff has failed to exhaust, dismissal without prejudice is the appropriate remedy for non-exhaustion of administrative remedies. Wyatt v. Terhune, 315 F.3d at 1120.

*PLRA Requirements*

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates seeking injunctive relief must exhaust administrative remedies. Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999). In Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001), the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 532 U.S. at 741, 121 S. Ct. at 1825. Therefore, inmates seeking money damages must also completely exhaust their administrative remedies. Booth v. Churner, 532 U.S. 731,

121 S. Ct. 1819 (inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages). 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). However, a prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).

The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84, 126 S. Ct. 2378 (2006). The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id.

*Administrative Exhaustion Procedure*

In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

*Defendants' Contentions*

Defendants argue that no inmate appeal submitted by plaintiff processed beyond the first formal level of review. MTD, p. 6. They assert that when his first level grievance regarding due process violations at his disciplinary hearing was screened out at the first level, instead of re-submitting his appeal, he attempted to circumvent the grievance process by appealing to the third level, at which point the appeal was screened out without a decision having been rendered. Id.

1        Defendants submit the declaration of Mike Cherry, Correctional Counselor II and Appeals Coordinator for the CDCR at MCSP and not a party to this action.  MTD, Court Document 16-3, Declaration (Dec.) of Mike Cherry, pp. 1-5.  Appeals Coordinator Cherry declares that records show plaintiff filed only two inmate appeals while at MCSP (at least at the point when he signed his declaration on November 5, 2009), the first of which, received on July 29, 2008, concerned his mail (Log No. MCSP-A-08-01938) which received a first formal level review response on September 2, 2008, after which plaintiff did not file any further appeal as to this grievance. Id., Cherry Dec., ¶ 5, and Exhibit (Ex.) A.  According to Cherry, the second of plaintiff's only two appeals concerned "disciplinary issues" but was screened out by the inmate appeals office and therefore was not assigned a log number. Id., Cherry Dec., ¶ 6, and Exhibit (Ex.) A.  Because his review of plaintiff's appeal records shows no grievance appealed through the third formal level of review, Cherry concludes that no grievance he filed has been exhausted. Id., Cherry Dec., ¶ 7.

       Although there is no copy of the second grievance that was maintained because it was screened out, Cherry references the grievance which plaintiff attached to his complaint, attached as Ex. B to Cherry's Dec., acknowledging that the grievance appears to have been received on September 3, 2008, and that it concerned the disciplinary hearing. Id., Cherry Dec. ¶ 9, Ex. B; see also, Complaint, Ex. A, pp. 18-21.  The court's review confirms that in that 602 grievance plaintiff alleged the same due process violations identified within the instant complaint.  Cherry notes that the documentation included shows that the grievance was screened out for plaintiff's failure to have complied with Cal. Code Regs. tit.xv § 3084.2(a)(2), regarding the appropriate supporting documentation to be attached to the appeal. Id., Cherry Dec., ¶ 9, Ex. B; Complaint, p. 20.  Within the September 4, 2008, screen-out document, plaintiff is counseled to remove the second appeal attached and to re-submit each separately. Id., Ex. B to Cherry Dec.; Complaint, p. 20.

\\\\\

1          Declarant Cherry, citing the October 14, 2008, letter from the Inmate Appeals
2  Branch to plaintiff, asserts that it appears that plaintiff failed to re-submit the appeals separately,
3  but instead attempted to appeal directly to the third level of review.  MTD, Cherry Dec., ¶ 10 &
4  Ex. B; Complaint, p. 18.  Within that letter, plaintiff was informed that he must first comply with
5  CAL. CODE REGS. tit.xv, § 3084.3 and complete the grievance process through the second level of
6  review before proceeding to the third level.  Id.

7          In opposition, plaintiff submits a declaration, averring that all of his claims were
8  received and filed by the CDCR director on September 9, 2008, citing his rejected first level
9  grievance.  Opposition (Opp., ¶ 2).  Plaintiff asserts that the October 14, 2008, response from the
10  Chief of Inmate Appeals (defendant Grannis), which indicates that he has exhausted his claims
11  through the "director's level," which is all the PLRA requires him to do.  Id., ¶ 3.  Plaintiff
12  attaches as Ex. A an unauthenticated copy (as defendants note in their Reply, p. 2) of a copy of
13  his appeal history which he indicates that he obtained from defendant Chief of Inmate Appeals
14  Grannis.  Opp., ¶ 4 & Ex. A.  The document, however, does not indicate that the appeal, which
15  plaintiff indicates was identified as IAB Case No. 0805-866 (¶ 3 of Opp.) was exhausted through
16  the third level.  Instead, it appears that, perhaps in an attempt to highlight it, but instead merely
17  obliterating the entry, that the log entry most likely indicated that the appeal had yet to be
18  completed through the second level, as do a number of unobliterated companion entries.  See Ex.
19  A, to Opp., p. 8.  This is confirmed by reference to the October 14, 2008, letter that plaintiff
20  submitted with his own complaint, as noted above.  As to the claim of retaliation plaintiff has
21  raised herein, it does not appear that plaintiff filed any grievance related to that allegation.

22          Plaintiff appears to believe that somehow simply by obtaining any response from
23  the third level he has exhausted his administrative remedies and that he can accomplish this by
24  circumventing the first and second levels of appeal.  The third level response, however, makes
25  clear that the appeal at issue was not considered on the merits due to plaintiff's failure to comply
26  with the applicable grievance procedures, and thus remained unexhausted administratively.  As

the court observed above, the PLRA requires *proper* exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84, 126 S. Ct. 2378 (2006) [emphasis added].  This includes not only an adherence to "an agency's deadlines" but also "other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id.

Plaintiff failed to properly exhaust his administrative remedies before filing the complaint and therefore must be dismissed.  McKinney v. Carey, supra, 311 F.3d 1198; see also, Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (district court required to dismiss complaint when administrative remedies not exhausted).  Because the court finds that defendants' motion to dismiss should be granted as plaintiff did not first exhaust his administrative remedies before initiating this action, the court need not reach any other ground raised by defendants for dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed on the court's sua sponte finding that it is moot; alternatively,

2. Defendants' motion to dismiss, filed on November 9, 2009 (docket # 16), be granted for plaintiff's failure to exhaust administrative remedies, and this action be dismissed on that ground.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\\

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 06/08/2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
will0822.mtd